**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FRANK SACCO, #03A5346 : | Civil Action No. RDB-06-3393 |
| Petitioner : | |
| v. : | |
| UNITED STATES PAROLE COMM'N, et al. : | |
| Respondents : | |

oo0Ooo

**MEMORANDUM OPINION**

Pending is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Frank Sacco, an inmate in the custody of New York State and who is confined at the Great Meadow Correctional Facility in Comstock, New York  In the Petition, Sacco challenges a federal detainer lodged against him by Defendants, the United States Parole Commission and Steven M. Brunson, a Parole Commission Case Analyst.[1]  The Court will dismiss the Petition without prejudice for lack of jurisdiction.

Courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C.

---

[1] Sacco was convicted in the United States District Court for the District of Maryland of collecting an extension of credit through extortionate means, using interstate commerce to further an extortionate scheme and conspiracy.  His convictions were affirmed on appeal. *See United States v. Sacco*, 571 F.2d 791 (4th Cir.1978).  The United States Supreme Court later denied his petition for certiorari. *See Sacco v. United States*, 435 U.S. 999 (1978). Sacco does not challenge the legality of those convictions or his sentence in the Petition.
  The exhibits submitted by Sacco indicate that he is serving a twenty-five year sentence in New York for second-degree murder.  Exhibit 23.  In 1988, Sacco was also convicted in the United States District Court for the Middle District of Florida of extortion, witness intimidation and related offenses and sentenced to 46 years, 11 months incarceration.  Exhibit 28.  In 1989, the United States District Court for the Southern District of New York sentenced him to eighty months concurrent to his other federal sentences after Sacco pleaded guilty to racketeering. Exhibit 31.

§ 2241(a). This means that in a § 2241 action, a habeas petition must be filed in the district court of the district where petitioner is in custody. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). In this case, Petitioner is in the custody of the Warden of the Great Meadow Correctional Facility. That facility is located within the jurisdiction of the United States District Court for the Northern District of New York. For this reason, the Petition will be dismissed without prejudice for lack of jurisdiction to permit Petitioner to refile his claim in the appropriate court. A separate order follows.

<u>December 22, 2006</u>  /s/_____
   DATE           RICHARD D. BENNETT
         UNITED STATES DISTRICT JUDGE