**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FRANK SACCO, #03A5346 | :     Civil Action No. RDB-06-3393 |
|     Petitioner | : |
| v. | : |
| UNITED STATES PAROLE COMM'N, et al. | : |
|     Respondents | : |

oo0Ooo

## MEMORANDUM OPINION

On January 10, 2007, Frank Sacco filed this *pro se* Motion for Reconsideration of the Court's December 22, 2006, Order dismissing his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus without prejudice for lack of jurisdiction. Sacco is an inmate in the custody of New York State, and is confined at the Great Meadow Correctional Facility in Comstock, New York. Upon careful review of the pleading, the Court will deny the Motion for Reconsideration.

**I. Background**

In his § 2241 petition, Sacco challenged a federal detainer[1] lodged against him by the United States Parole Commission ("Commission").[2] According to Sacco, the Commission issued

---

[1]There was a previous parole violator warrant filed against Sacco with the Bureau of Prisons. Petition at ¶ 6.

[2]Sacco was convicted in the United States District Court for the District of Maryland of collecting credit through extortionate means, using interstate commerce to further an extortionate scheme and conspiracy. His convictions were affirmed on appeal. *See United States v. Sacco*, 571 F.2d 791 (4th Cir.1978). The United States Supreme Court later denied his petition for certiorari. *See Sacco v. United States*, 435 U.S. 999 (1978). The exhibits submitted by Sacco indicate that he is serving a twenty-five year sentence in New York for second-degree murder. Exhibit 23. In 1988, Sacco was also convicted in the United States District Court for the Middle District of Florida of extortion, witness intimidation and related offenses and sentenced to 46 years, 11 months incarceration. Exhibit 28. In 1989, the United States District Court for the Southern District of New

and then canceled a grant of parole on September 26, 2003. Petition at ¶ 2. The Court dismissed the Petition pursuant to 28 U.S.C. § 2241(a) (providing that courts may grant habeas petitions "within their respective jurisdictions"); *see Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (stating that the general rule for habeas petitions challenging physical confinement is that jurisdiction lies in only one district, the district of confinement)[3]; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-500 (1973) (ruling that a habeas petition must be filed in the district court of the district where petitioner is in custody) .[4]  Noting that Sacco is in the custody of the Warden of the Great Meadow Correctional Facility, and that institution is located within the judicial District of the United States District Court for the Northern District of New York, this Court dismissed the Petition.

## II. Claims Presented for Reconsideration

Sacco requests reconsideration based on the following: 1) the Commission is headquartered in Chevy Chase, Maryland; 2) the Commission's decision to revoke his parole by reason of an alleged clerical error was made in Maryland; and 3) Saccos's mail to the Commission must be directed to Maryland. Sacco claims "there are exceptional circumstances to warrant special urgency" for this Court to assume jurisdiction in this matter. Reconsideration Motion at ¶¶ 4-6.

---

York sentenced him to eighty months concurrent to his other federal sentences after Sacco pleaded guilty to racketeering. Exhibit 31.

[3]  Thus, to the extent the challenged detainer arguably renders the Commission responsible for some aspect of  Sacco's confinement,  this does not make the Commission Sacco's custodian for the purpose of the federal habeas statute. *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)

[4]  In *Rumsfeld v. Padilla*, the Supreme Court held that "[i]n challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control is the proper respondent." 542 U.S.  439.

**III. Discussion**

Generally, the custodian is the person "having day-to-day control over the prisoner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (rejecting argument that the United States Parole Commission is the petitioner's custodian for challenges to Commission actions on the grounds that the custodian is the only one who can produce " the body" of the petitioner); *Terry v. United States Parole Commission*; 937 F. 2d 603 (4th Cir. 1991) (unpublished). [5] Since "a court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner," and this Court does not have personal jurisdiction over the Warden of the Great Meadow Correctional Facility, this Court does not have subject matter jurisdiction over Sacco's petition.

Sacco asserts that "ironically" *Braden* supports his position. Reconsideration Motion at ¶ 3. In *Braden*, a petitioner was incarcerated in an Alabama state jail, but the Commonwealth of Kentucky lodged an interstate detainer against him. Braden then filed a petition for writ of habeas corpus in federal court in Kentucky to compel the Commonwealth to grant him a speedy trial on an indictment returned by the grant jury of the respondent court.  The Supreme Court held that based on the detainer, the Warden of the Alabama prison was the agent of the Commonwealth of Kentucky, and petitioner was "in custody" for the purposes of the habeas statute in the federal judicial district of Kentucky. *Braden*, 410 U.S. at 499.

This case, however, presents facts clearly distinguishable from those in *Braden*.  First, the petitioner in *Braden* was in the custody of two separate state authorities. In contrast the instant petition challenges a federal detainer issued pursuant to a parole violator warrant, as opposed to the

---

[5] Although an unpublished decision, this case is referenced as instructive given the facts presented here.

state detainer lodged upon return of an indictment in *Braden*. Also, Sacco is serving a New York State imposed sentence concurrent to the federal sentence imposed by the United District Court for the Southern District of New York.[6] In spite of Sacco's general claim of exceptional circumstances, none is presented here. Sacco neither raises, nor does his pleading suggest any plausible reason why he is unable to seek redress in the federal district court where he is incarcerated. Accordingly, the Court will deny the Motion for Reconsideration by separate Order.


January 16, 2007                             /s/
DATE                                         RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

[6] Sacco states the United States Marshal Service for the Northern District of New York has also filed a detainer against Petitioner with the Great Meadow Correctional Facility. Petition at ¶ 41.